IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS JEFFERSON EVANS, JR.,      :
                                  :
      Plaintiff,                  :
                                  :
vs.                               :      CIVIL ACTION 12-0161-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of Social Security,  :
                                  :
      Defendant.                  :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. 1383(c)(3), Plaintiff seeks
judicial review of an adverse social security ruling which
denied a claim for Supplemental Security Income (hereinafter
*SSI*) (Docs. 1, 13).  The parties filed written consent and this
action has been referred to the undersigned Magistrate Judge to
conduct all proceedings and order the entry of judgment in
accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc.
21).  Oral argument was waived in this action (Doc. 20).  Upon
consideration of the administrative record and the memoranda of
the parties, it is **ORDERED** that the decision of the Commissioner
be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984) (*quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982)).

At the time of the administrative hearing, Plaintiff was thirty-two years old, had completed a high school special education curriculum although he did not have a G.E.D. (Tr. 29, 91, 94, 110-12), and had previous work experience as a stocker and landscape laborer (Doc. 13 Fact Sheet). In claiming benefits, Evans alleges disability due to recurrent major depression, with history of overdose, and a cluster B personality disorder (*id.*).

The Plaintiff filed an application for SSI on April 28, 2009 (Tr. 196-98). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not return to his past relevant work, Evans was capable

of performing specified jobs in the national economy (Tr. 26-36).  Plaintiff requested review of the hearing decision (Tr. 15-16) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Evans alleges that:  (1) The ALJ failed to properly consider the opinions and conclusions of a treating physician; (2) the ALJ failed to find that one of his impairments was severe; (3) the ALJ erred in selectively adopting the opinion of a State Agency physician; and (4) the ALJ did not properly develop the record (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 16).  The relevant evidence of record follows.

Records from the Cahaba Center for Mental Health show that Evans was examined on May 14, 2008 by Psychiatrist Timothy S. Baltz whose impression was major depression, recurrent type partial remission, and multiple situational stressors; the doctor prescribed Cymbalta[1] (Tr. 307; *see generally* Tr. 296-308).  On August 6, Plaintiff admitted that he had not been taking his medication, but that he was sleeping well at night and was feeling fine; Dr. Baltz added Cluster B type Personality Disorder to his diagnosis and encouraged Evans to stay on his

medications (Tr. 306).  The Court notes that the records contain treatment notes spanning from January 24 through October 13, 2008 but disclose little information other than Evans's admission that he was not taking his medications as ordered (Tr. 296-97; *see generally* Tr. 296-308).

On November 10, 2008, Dr. Robert Estock, a non-examining physician, completed a Psychiatric Review Technique Form indicating that Evans had a Cluster B Personality Disorder (Tr. 309-22).  His opinion was based on the medical evidence of record at the time he completed the form.

On January 29, 2009, records from Vaughan Regional Medical Center show that Plaintiff made a suicide attempt by a small overdose of his medications (Tr. 324-35).  He was transferred to East Alabama Medical Center where he stayed for four nights (Tr. 336-42).  On discharge, Evans was less depressed and considered stable; he was encouraged to continue with outpatient treatment.

On November 5, 2008, Psychiatrist Baltz saw Plaintiff who said he was doing fine; the doctor noted that Evans was non-compliant with his medications but, nevertheless, re-prescribed Cymbalta (Tr. 348; *see generally* Tr. 346-61).  On February 4, 2009, Plaintiff stated that he felt better after the suicide

---

[1]Cymbalta is used in the treatment of major depressive disorder.

attempt and knew that that was the wrong thing to do (Tr. 347).
On April 8, Baltz noted that Evans had gained fifty pounds since
he had started taking medication; Plaintiff denied wanting to
hurt himself or anybody else (Tr. 346).  The doctor recommended
that Plaintiff try to get into a transitional home as a means of
increasing his independence.

On June 5, 2009, Dr. Estock completed a second Psychiatric
Review Technique Form indicating that Evans had an Affective
Disorder that was characterized as a Major Depressive Disorder
in partial remission (Tr. 368; *see generally* Tr. 365-78).
Estock expressed the opinion that Plaintiff was moderately
restricted in activities of daily living and that he would have
moderate difficulties in maintaining social functioning and
concentration, persistence, or pace (Tr. 375). The doctor also
completed a mental residual functional capacity assessment in
which he expressed the opinion that Evans would be moderately
limited in his ability to do the following:  understand,
remember, and carry out detailed instructions; maintain
attention and concentration for extended periods; work in
coordination with or proximity to others without being
distracted by them; complete a normal workday and workweek

---

*Physician's Desk Reference* 1791-93 (62nd ed. 2008).

without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and respond appropriately to changes in the work setting (Tr. 379-81).  The Court notes that Estock did not examine Plaintiff, but based his opinions on the medical evidence of record at the time he completed the forms.

On July 1, 2009, Dr. Baltz noted that Evans had gained another ten pounds, was claiming to be good, and voiced a goal of overcoming depression; his diagnostic impression was the same (Tr. 385; *see generally* Tr. 385-87).  On November 4, the Psychiatrist noted a slight weight loss and that Plaintiff denied wanting to hurt himself or anyone else; Cymbalta was re-prescribed (Tr. 389; *see generally* Tr. 389-92).

On February 24, 2010, Psychiatrist Baltz completed a mental residual functional capacity form in which he indicated that Evans would have marked difficulties in his ability to maintain social functioning; he further stated that Plaintiff would have marked deficiencies of concentration, persistence, or pace, resulting in frequent failure to complete tasks in a timely manner (Tr. 396-97).  Baltz also found that Evans would be

6

markedly limited in his ability to do the following:  respond to customary work pressures; understand, carry out, and remember instructions; and respond appropriately to supervision and co-workers in a work setting.

In his determination, the ALJ summarized the medical evidence before determining that Evans was capable of working at all exertional levels although there were nonexertional limitations that would limit the types of jobs that he could perform (Tr. 26-36).  After hearing testimony from a vocational expert, the ALJ specifically listed hand packager and parking lot attendant as jobs that Plaintiff would be able to perform (Tr. 35).  In reaching his conclusions, the ALJ found that Evans's testimony regarding his impairments and limitations was not credible (Tr. 33-34), a finding not challenged in this action (*see* Doc. 13).

In bringing this action, Evans first claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of his physician.  Plaintiff specifically refers to the conclusions of Psychiatrist Baltz (Doc. 13, pp. 3-7).  The Court notes that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the

7

opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2005).

The ALJ summarized the medical evidence provided by Dr. Baltz, including the mental residual functional capacity evaluation, but rejected his conclusions for five different reasons (Tr. 32-33). First, the conclusions were not supported by the Psychiatrist's own treatment records. Second, the ALJ noted that Baltz, and the therapists at Cahaba, treated Plaintiff only infrequently; more specifically, the Psychiatrist would usually go three months between examinations. Third, medication treatment was minimal. Fourth, Dr. Baltz's GAF scores for Evans were higher than what would be expected for someone with the limitations the Psychiatrist asserted that Plaintiff had. Fifth, the doctor characterized Evans's depression as being in partial remission while also stating that he was markedly limited in essentially all activities (Tr. 32-33).

The Court finds substantial support for the ALJ's determination that Dr. Baltz's conclusions lacked evidentiary

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to

support.  Nowhere in any of the Psychiatrist's treatment notes is there any indication that Evans suffers from the limitations suggested.  There is no other evidence of record to support those limitations either.  Plaintiff's claim otherwise is without merit.

Evans next claims that the ALJ failed to find that one of his impairments was severe.  More specifically, Plaintiff asserts that although the ALJ discussed his depression, he failed to even consider his diagnosis of personality disorder (Doc 13, pp. 7-8).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2004).[3]  The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained

---

October 1, 1981.
[3]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do

disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

Evans is correct in claiming that the ALJ did not address his diagnosis of personality disorder, much less determine whether or not it was a severe impairment.  Dr. Baltz's notes regularly list Cluster B Personality Disorder as one of Plaintiff's diagnoses (*see, e.g.*, Tr. 306, 346-48, 385, 390).

However, Baltz's notes make no distinction in his treatment of the personality disorder and the depression.  Furthermore, his conclusions regarding Evans's abilities were discredited by the ALJ, a finding that this Court has determined was supported by substantial evidence.  Finally, the Court notes that Plaintiff has not argued—much less demonstrated—that the personality disorder affected his ability to work.  Evans's claim that the ALJ did not properly consider his personality

basic work activities."

disorder in evaluating his claim of disability is without merit.

Plaintiff next claims that the ALJ erred in selectively adopting the opinion of a State Agency physician.  Evans objects to the ALJ's discrediting the doctor's finding that he would miss one-to-two days of work a month due to psychological symptoms (Doc. 13, pp. 8-9; *cf.* Tr. 381).

The Court rejects this claim as unsupported by the record. Nowhere in the treating physician's treatment notes is there any suggestion that Plaintiff would miss work because of symptoms from which he was suffering.  Likewise, Evans's own testimony of his limitations and abilities does not indicate such a need (*see* Tr. 90-114).  This claim is without merit.

Plaintiff's final claim is that the ALJ did not properly develop the record.  The argument, essentially, is that because he did not find support for limitations suggested by one of the doctors, the ALJ should have ordered a consultative examination to get another opinion (Doc. 13, pp. 9-10).  The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court finds no support for this claim.  The ALJ

rejected the unsupported opinion of a non-examining physician. There was no reason to seek a second opinion.  The ALJ's opinion is supported by substantial evidence.

Plaintiff has raised four different claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 17th day of October, 2012.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE